# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SCOTT BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 16 C 7969 |
| | ) |
| AUTOVEST LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

It is frankly difficult to maintain patience with counsel (regrettably most often encountered on the defendants' side of the "v." sign) who seem to regard pleading as a sort of game, rather than as a forthright effort to fulfill the federal goal of notice pleading: to apprise the reader, whether opposing counsel or the District Judge to whom the case is assigned, just what matters are and what matters are not at issue between the parties. In this instance counsel for defendant Autovest LLC ("Autovest") persists in larding up almost all paragraphs in the Answer with repeated assertions that Autovest denies any wrongdoing -- take a look, for example, at Answer ¶ 3, which responds to a paragraph of the Complaint that simply states what plaintiff Scott Brown ("Brown") alleges -- something that plainly calls for that allegation to be admitted under Fed. R. Civ. P. ("Rule") 8(b)(1)(B) -- by instead setting out such a denial of wrongdoing followed by "and therefore denies the allegations of Paragraph 3 of the Complaint."

And for another example, look at Answer ¶ 6, which responds to a short allegation that Brown's claim in this action "was originally asserted in <u>Brown v. Autovest, LLC, et al.</u>, 1:16-CV-07534 (N.D. Ill., filed July 25, 2016)" by appropriately admitting that allegation, yet

following that admission with "but denies the remaining allegations of Paragraph 6 of the Complaint." But there are no remaining allegations!

Look as well at Answer ¶ 8, which makes several conventional allegations as to Autovest, including a statement that "it does business in Illinois," to which statement defense counsel advances a Rule 8(b)(5) disclaimer:

> Defendant lacks knowledge or information to form a belief as to what Plaintiff means by "does business in Illinois."

Pray tell, what member of the bar can make that assertion in the subjective and objective good faith required by Rule 11(b)?

What has been dealt with up to this point are admittedly minor items, and this Court acknowledges that it may well be more demanding than many if not most of its colleagues in calling for forthright compliance with the dictates of Rule 8(b). But it is the responsibility of counsel rather than the District Judge assigned to a case to be meticulous in matters both large and small relating to proper pleading -- and as indicated earlier, everyone involved in litigation is better served by the exercise of more care on the part of defense counsel, rather than by the mechanical assertion of rote responses.

This Court will not expend its own time in providing defense counsel with a chapter and verse exposition of the more serious flaws in the present responsive pleading -- see, for example, defense counsel's pattern of nonresponsive responses to the "Class Allegations" in Complaint ¶¶ 40-46. Instead it will be left to defense counsel to take a fresh look at the entirety of the current Answer and ADs with an eye to what has been said here (and counsel might well read and pay heed to the matters covered in the Appendix to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001)).

      This Court has noted from Sullivan's Law Directory that the defense counsel in this case is quite new to the practice, so that what has been exhibited in this instance may be the product of his law firm's culture, or perhaps the choice of poor examples to emulate. But in all events a lawyer's early years in the practice are the best time to form good habits that will stand that lawyer in good stead throughout his or her career. With that view in mind, this Court strikes the present pleading to enable defense counsel to try again, for which purpose leave is granted to file a self-contained Amended Answer and ADs on or before December 19, 2016. Because the flaws at issue were doubtless lawyer-generated rather than client-generated, no fees or expenses are to be charged to Autovest for the preparation and filing of the superseding pleading.

                                                                      _____
                                                                        Milton I. Shadur
                                                                        Senior United States District Judge

Date:   November 16, 2016